IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROBERT W. LETTENMAIER, an individual, LESLIE A. LETTENMAIER, an individual, and ALPHA FOUNDATION, | No. CV-11-156-HZ |
| Plaintiffs, | |
| v. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WELLS FARGO BANK, N.A., and NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, | SUPPLEMENTAL OPINION & ORDER |
| Defendants. | |

/ / /

/ / /

/ / /

1 - SUPPLEMENTAL OPINION & ORDER

Robert W. Lettenmaier
Leslie A. Lettenmaier
ALPHA Foundation
17878 SE Scrutton Lane
Milwaukie, Oregon 97267

    Plaintiffs Pro Se

Teresa M. Shill
ROUTH CRABTREE OLSEN, P.C.
11830 S.W. Kerr Parkway, Suite 385
Lake Oswego, Oregon 97035-1249

    Attorney for Defendant Northwest Trustee Service

HERNANDEZ, District Judge:

    Defendant Northwest Trustee Service (NWTS) previously moved to dismiss the claims brought against it by plaintiffs Robert and Leslie Lettenmaier and Alpha Foundation in this foreclosure-related action. In a May 20, 2011 Opinion & Order (dkt #38), I granted NWTS's motion in part and denied it in part.

    Specifically, I granted the motion as to plaintiffs' claim brought under the Oregon Trust Deed Act, Oregon Revised Statutes (O.R.S.) 86.705-86.795, and as to plaintiffs' breach of contract claim. May 20. 2011 Op. & Ord. at pp. 16. The basis for the dismissal of those claims, as explained in the May 20, 2011 Opinion, was that the Lettenmaiers were defendants in a prior state court Forcible Entry & Detainer (FED) action where they either raised, or had the opportunity to raise, issues related to the title of the real property at issue in the case. Id. Because NWTS was in privity with FreddieMac, the plaintiff in the FED action, these two claims against NWTS in the instant federal case which were based on a challenge to the property's title, were precluded by the doctrine of claim preclusion. Id.

2 - SUPPLEMENTAL OPINION & ORDER

I denied the motion as to the claim plaintiffs brought under the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o (FDCPA), concluding that NWTS was a debt collector for the particular type of FDCPA plaintiffs alleged in the their Complaint. Id. at pp. 16-22. NWTS did not argue that the doctrine of claim preclusion applied to the FDCPA claim. This was understandable given that the Lettenmaiers could not have raised a FDCPA counterclaim in the FED action. Following the filing of the May 20, 2011 Opinion, NWTS filed an Answer to the Complaint on June 3, 2011 (dkt #48).

In a separate Opinion & Order resolving the remaining defendants' separately-filed motion to dismiss, I revisited the FDCPA claim and upon closer examination, concluded that the FDCPA claim is precluded under the doctrine of claim preclusion. Aug. 8, 2011 Op. & Ord (dkt #62). As explained there, the sole basis of the FDCPA claim is that defendants lacked a valid property interest. Id. at pp. 27-28. The FDCPA claim pivots on whether defendants had a valid property interest and that question was, or could have been, litigated in the state court FED action. Id. Thus, in that Opinion I determined that regardless of whether defendant Wells Fargo was a debt collector, the FDCPA claim had to be dismissed. Id.

As noted in footnote 5 of the August 8, 2011 Opinion, the same conclusion regarding the preclusion issue should apply to the FDCPA claim brought against NWTS. The FDCPA claim is grounded in the assertion that defendants lacked valid title to the property and thus, any attempts to foreclose violated the FDCPA. Because the issue of FreddieMac's valid title was, or could have been, litigated as part of the FED action, the FDCPA claim must be precluded by the state court FED judgment. I incorporate by reference the discussion of claim preclusion as explained in the May 20, 2011 Opinion, and I further incorporate by reference the discussion of the

3 - SUPPLEMENTAL OPINION & ORDER

preclusion of the FDCPA claim as explained in the August 8, 2011 Opinion.

Accordingly, the FDCPA claim against NWTS is dismissed. The Answer filed by NWTS on June 3, 2011, is stricken.

IT IS SO ORDERED.

Dated this   8th   day of   August  , 2011


 /s/ Marco A. Hernandez
Marco A. Hernandez
United States District Judge

4 - SUPPLEMENTAL OPINION & ORDER